IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 25-181 |
| EDWIN COLON | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Defendant Edwin Colon awaits sentencing after defrauding the Social Security Administration ("SSA") out of approximately $133,346. For over fifteen years, the defendant stole funds intended for a deceased beneficiary. The government explains below its view of the proper consideration in this case of the advisory guideline range and of the Section 3553(a) factors,[1] which in this case warrant a sentence within the advisory guideline range, with could include a term of home confinement, after consideration of any additional factors set forth in the sealed sentencing supplement.

A sentencing court follows a two-step process, first calculating the range under the Sentencing Guidelines, and then considering that range along with all pertinent 18 U.S.C. § 3553(a) factors in determining the appropriate sentence. *See* USSG § 1B1.1 (Nov. 1, 2025).[2] At the second step of the sentencing process, "[t]he record must demonstrate the trial court gave

---

[1] Since the applicable guideline range is in Zone C of the Sentencing Table, the minimum term may be satisfied by (1) a sentence of imprisonment; or (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in subsection (e), provided that at least one-half of the minimum term is satisfied by imprisonment. USSG § 5C1.1(d).

[2] Courts previously followed a three-step process, in which the court first calculated the guideline range, then next ruled on motions for departure, before considering the 3553(a) factors. *See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). In an extensive amendment to the Guidelines effective November 1, 2025, the Sentencing Commission eliminated the departure provisions in the manual and dictated the two-step process described above.

meaningful consideration to the § 3553(a) factors. . . . [A] rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it." *United States v. Cooper*, 437 F.3d 324, 329-30 (3d Cir. 2006) (citations omitted). *See also Rita v. United States*, 551 U.S. 338, 356 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."); *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc) ("Failure to give 'meaningful consideration' to any such argument renders a sentence procedurally unreasonable which, when appealed, generally requires a remand for resentencing.").

The government explains below its view of the proper consideration in this case of the advisory guideline range and of the Section 3553(a) factors.

## I.   BACKGROUND

On June 5, 2025, the defendant pleaded guilty to a one-count information, charging her with theft of government funds, pursuant to 18 U.S.C. § 641. During his plea colloquy, the defendant admitted that he knowingly accessed a bank account held by "E.R." and converted to his own use SSA benefits intended for E.R. This Court has scheduled sentencing for December 16, 2025.

## II.   SENTENCING CALCULATION

### A.   Statutory Maximum Sentence.

The maximum sentence that may be imposed on the defendant is 10 years' imprisonment, 3 years' supervised release, a $250,000 fine, full restitution of $133,346, and a $100 special assessment.

**B.     Sentencing Guidelines Calculation.**

The Probation Office correctly calculated the defendant's advisory guideline range as follows: The base offense level is six. U.S.S.G. § 2B1.1(a)(2). As the defendant knowingly caused over $95,000 but less than $150,000 in loss, eight additional points were added to his guideline score. U.S.S.G. § 2B1.1(b)(1)(E). As the defendant used a means of identification without authorization, to obtain another means of identification, another two levels were added to his guideline score. U.S.S.G. § 2B1.1(b)(1)(c)(i).

The defendant clearly demonstrated acceptance of responsibility for his crime, resulting in a two-point reduction. U.S.S.G. § 3E1.1(a). The defendant further qualifies for the zero-point offender reduction, which lowers his offense level by an additional two levels. The defendant has two prior criminal convictions over 25 years old, which do not result in any criminal history points. The defendant therefore is a Criminal History Category of I.

The resulting total offense level is 12, with a Criminal History Category of I, for an advisory guidelines range of 10 to 16 months.

**III.    ANALYSIS**

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). "These requirements mean that '[i]n the usual sentencing, . . . the judge will use the Guidelines range as the starting point in the analysis and impose a sentence within the range." *Peugh v. United States,* 133 S. Ct. 2072, 2083 (2013) (quoting *Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011) (plurality opinion); ellipsis in original). "Common sense indicates that in general, this system will steer district courts to more

within-Guidelines sentences." *Peugh,* 133 S. Ct. at 2084. "The federal system adopts procedural measures intended to make the Guidelines the lodestone of sentencing." *Id.*

In addition, this Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

The defendant stole a substantial sum of money from the SSA by accessing a bank account held by his deceased boyfriend, E.R. The SSA funds were to have ceased upon his boyfriend's death. The defendant not only failed to disclose E.R.'s death, but also took numerous steps to conceal E.R.'s death so that the SSA payments would continue. This included submitting change of bank account information to the SSA to direct the benefits due to E.R. to a bank account in which defendant controlled. He later posed as E.R. and obtained from the Department of Transportation ("PennDOT") Driver License Center a Pennsylvania State identification card in E.R.'s name and bearing defendant Colon's photograph. The defendant even appeared in the Philadelphia Social Security Card Center, impersonated E.R., and obtained a replacement social security card under the social security number of E.R. By taking these measures, defendant

Colon was able to conceal E.R.'s death from the SSA and continue to receive E.R.'s monthly SSA benefit from the SSA.

Although the defendant stole a substantial sum of money from the SSA, it appears he primarily spent the money to survive rather than on a lavish lifestyle. His crime falls squarely within the class of cases to which the applicable guidelines are addressed, and thus consideration of the nature of the offense, § 3553(a)(1), counsels in favor of the guideline sentence, which could include home confinement.

The defendant's history and characteristics demonstrate this is not the defendant's first brush with the law. The defendant has two prior criminal convictions that are over 24 years old and did not result in any criminal history points. PSR ¶ 33-36.

It is clear that the recommended guideline range is required "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." § 3553(a)(2). The benefits programs administered by the government suffer substantial fraud every year. Although the defendant's specific crime did not put SSA at risk, the cumulative effect of the defendant's actions coupled with fraud committed by other offenders poses a risk to the program. For over fifteen years, the defendant stole from taxpayers. Furthermore, the stability and integrity of federal benefits programs depend on the honesty of people like the defendant. Specific deterrence for this defendant is a limited concern given his possibility to commit this crime again. There is value in the general deterrence of others who consider stealing from the SSA.

In addition, adherence to the recommended guideline range assures that the defendant's sentence is consistent with those imposed nationwide on similarly situated offenders, and thus complying with Section 3553(a)(6) and avoiding undue disparity.

There is a need in this case "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." § 3553(a)(2)(D). As evident in the PSR, this defendant has a history of mental health issues as well has had three positive drug screens while on supervision, indicative of a substance issue. The defendant may need some mental health and substance abuse treatment.

The government also asks this Court to consider the impact of the defendant's crimes upon the benefits programs administered by Social Security, as well as the taxpayers who fund benefits programs. The defendant, through his guilty plea, admitted stealing $133,346 from the program and agreed to provide full restitution.

The government respectfully requests this Court order restitution be paid to:

> Social Security Administration
> Debt Management Section
> P.O. Box 2861
> Philadelphia, Pennsylvania 19122

## IV. CONCLUSION

The government recommends imposition of a sentence within the advisory guideline range, with could include a term of home confinement, after consideration of any additional factors set forth in the sealed sentencing supplement.

Respectfully submitted,

DAVID METCALF
United States Attorney

 /s Megan Curran
MEGAN CURRAN
Special Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this Sentencing Memorandum has been served on the Filing User identified below through the Electronic Case Filing (ECF) system:

Jesse Smith, Esquire
Assistant Federal Defender
Defender Association of Philadelphia
The Curtis Center Building
601 Walnut Street – Suite 540 West
Independence Square West
Philadelphia, PA 19106


 */s Megan Curran*
MEGAN CURRAN
Special Assistant United States Attorney

DATED: December 9, 2025